UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BLAYSE HARRISON WOOD,

    Plaintiff,

    v.　　　　　　　　　　　　　　　　CAUSE NO. 3:21-CV-379-JD-MGG

NICOLE WELLS, et al.,

    Defendants.

OPINION AND ORDER

Blayse Harrison Wood, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wood alleges that, on January 16, 2021, while housed in segregation, Sgt. Nicole Wells, Officers Jean Lavrore, and Officer Emillia Sheaffer approached his cell. Sgt. Wells indicated that she was going to kill Wood. He responded by indicating that she could not open his door because he was in segregation. Sgt. Wells and Officer Lavrore indicated that, because it was the weekend, nobody would know. They attempted to mace and tase him through his cuff port, but they were not successful. A member of the

national guard was on duty, and the defendants asked that Wood's cell be opened, but the guard refused. Then, Sgt. Wells started yelling that Wood was trying to hang himself. This caused the guard to open Wood's cell door. Wood threw his mattress at the guards and ran to an area he believed would be on video camera so that the incident would be captured. He was tazed more than once, and he required stitches for a wound to his face. Following the incident, he was decontaminated and evaluated by a member of the medical staff.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Wood the inferences to which he is entitled at this stage of the case, he has stated a claim against Sgt. Nicole Wells, Officers Jean Lavrore, and Officer Emillia Sheaffer.

Wood is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is Wood's obligation to serve Sgt. Nicole Wells, Officers Jean Lavrore, and Officer Emillia Sheaffer. If Wood desires the assistance of the United States Marshal's Service, he may contact them directly to make appropriate arrangements.

For these reasons, the court:

(1) GRANTS Blayse Harrison Wood leave to proceed against Sgt. Nicole Wells, Officers Jean Lavrore, and Officer Emillia Sheaffer in their individual capacities for monetary damages for using excessive force against him on January 16, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS Blayse Harrison Wood to make arrangements to serve Sgt. Nicole Wells, Officers Jean Lavrore, and Officer Emillia Sheaffer; and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Nicole Wells, Officers Jean Lavrore, and Officer Emillia Sheaffer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 3, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT